**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ROBERT OLDS,                          )
                                      )
      Petitioner,              )
                                      )
v.                                    )      No. 4:05-CV-348 CAS
                                      )
JAMES PURKETT, et al.,                )
                                      )
      Respondents.             )

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Olds's "Motion to Amend Seven Respondents in Conjunction with Motion for Appointment of Counsel." The motion, which appears to attempt to add additional claims as well as additional respondents, will be denied.

The Court dismissed petitioner's petition for writ of habeas corpus on May 25, 2007, because it plainly appeared that petitioner was not entitled to habeas relief. Petitioner did not appeal the dismissal. Petitioner now moves the Court to change the name of the respondent to Don Roper, who is the superintendent of the Potosi Correctional Center, and to add the names of six parole officers to the case. Petitioner states that these six parole officers are responsible for the denial of his parole on August 16, 2007. Petitioner also claims that he was denied parole because the parole officers found him to be a dangerous offender. Petitioner argues that he should not have been found to be a dangerous offender because he "has NEVER BEEN previously convicted of a dangerous felony." [Doc. 15]

Petitioner's argument that he has never been convicted of a dangerous felony is frivolous. Petitioner was convicted of first degree murder and statutory rape of an eleven-year-old girl and of attempted statutory rape and kidnapping of another eleven-year-old girl. State v. Olds, 603 S.W.2d

501 (Mo. banc 1980). As a result, even if the Court were to construe the present motion as a motion to add additional claims and/or to reconsider the merits of his habeas petition, the motion is not well-taken and would be denied. Furthermore, because the case is closed and the Court declines to reopen the matter, changing the name of the respondent would serve no purpose.[1] Petitioner's motion will be denied in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Motion to Amend Seven Respondents in Conjunction with Motion for Appointment of Counsel" is **DENIED** with prejudice. [Doc. 15]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>13th</u> day of September, 2007.

_____

[1]Additionally, the Court notes parole officers are not proper respondents under Rule 2 of the Rules Governing § 2254 Cases.